## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SNOWIZARD, INC.**                                                    **CIVIL ACTION**

**VERSUS**                                                                **NO. 12-2796**

**MARK ANDREWS, et al.**                                          **SECTION: "G"(1)**

### ORDER AND REASONS

Before the Court is Plaintiff SnoWizard, Inc.'s ("Plaintiff") Motion to Remand,[1] wherein it

seeks remand to state court and recovery of its fees associated with removal. After considering the

Notice of Removal, the state court petition, the pending motion, the memorandum in support, the

opposition, the record, and the applicable law, the Court will grant in part and deny in part the

pending motion, remanding this action to state court, but declining to assess Plaintiff's costs to the

defendants.

### I. Background

*A. Factual Background*

In this action, Plaintiff explains that defendant Mark Andrews ("Andrews") is the sole

member and manager (as well as an attorney) of defendant Andrews Arts & Sciences Law, L.L.C.

("AASL") (collectively, "Defendants").[2] The petition also alleges that from 2006-2011, Defendants

filed five lawsuits in state and federal court against Plaintiff on behalf of certain business

competitors of SnoWizard "arising out of SnoWizard's claims of trademark and patent rights in

connection with original, proprietary products it develops, manufactures, and sells in the shaved ice

confection or snowball industry, and SnoWizard filed counterclaims for trademark infringement,

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-1 at ¶¶ 2-8.

patent infringement, unfair competition, and other relief against those plaintiffs, and a separate lawsuit for trademark infringement and unfair competition against one of those plaintiffs."[3] In June 2011, Defendants published on their law firm website an article entitled "Snowball Patent & Trademark Litigation in New Orleans," which Plaintiff claims contains "numerous false and defamatory accusations against SnoWizard" that question the validity of Plaintiff's patents and trademarks, and generally accuses it of fraud upon the United States Patent and Trademark Office and to others.[4] Plaintiff claims that the article is defamatory and constitutes unfair trade practices under Louisiana state law.[5]

### B. Procedural Background

On April 10, 2012, Plaintiff filed the petition in this action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.[6] On November 18, 2012, Defendants filed a Notice of Removal, premising removal upon 28 U.S.C. § 1454, which provides for removal where "any party asserts a claim for relief arising under any Act of Congress relating to patents."[7] In the Notice of Removal, Defendants claim that removal is proper under this provision because: (1) "[i]n this defamation and unfair-trade-practices lawsuit, SnoWizard's Petition says 'patent' 16 times; (2) "[f]alsity and privilege are essential elements of any defamation claim, and falsity arising to the level of fraud is an essential element of any LUTPA claim. Therefore, falsity and privilege of the Andrews statements about patents are necessary, essential elements of SnoWizard's 'well-pleaded'

---

[3]  *Id.* at ¶ 9.

[4]  *Id.* at ¶ 12(a)-(jj).

[5]  *See id.* at ¶¶ 13-25.

[6]  *Id.*

[7]  Rec. Doc. 1.

main claims in the Petition; (3) "false marking" is a term of art and a federal cause of action under

patent law; and (4) "making material misrepresentation and lying to the USPTO in order to get

undeserved patents is governed by federal patent law."[8] Therefore, Defendants claim that "under the

well-pleaded complaint rule, [the resolution of Plaintiff's claims] depend on resolution of substantial

questions of federal patent law, exclusive federal jurisdiction under 28 USC §1338 exists, and this

action is removable under 28 USC §1454."[9] Finally, with regard to the timeliness of removal,

Defendants state:

> Until the state court denied the Andrews Defendants' Declinatory Exception of Lack
> of Subject Matter Jurisdiction in open court on 7 November 2012, there was no
> necessity for removal because the state court should have dismissed the action for
> lack of subject-matter jurisdiction, and the matter would have been most efficiently
> resolved without removal. The question before the state court in the Declinatory
> Exception of Lack of Subject-Matter Jurisdiction was not any question of patent law
> in Title 35, but was a question of jurisdictional law in 28 USC §1338. If the state
> court had dismissed the action for lack of subject-matter jurisdiction, the state court
> would never have reached the questions arising under federal patent law, and the
> action was not ripe for removal until the state court refused to dismiss the action on
> 7 November 2012.[10]

## II. Parties' Arguments

### A. Plaintiff's Arguments in Support

In support of the pending motion, Plaintiff argues that this Court lacks subject matter

jurisdiction.[11] Plaintiff notes that jurisdiction pursuant to 28 U.S.C. § 1338(a) only exists when an

action "arises under" the patent laws, and under binding precedent the allegations in the petition do

---

[8]  *Id.* at pp. 2-3.

[9]  *Id.* at p. 3.

[10]  *Id.* at p. 4.

[11]  Rec. Doc. 7-1 at p. 5.

not meet this standard. Specifically, Plaintiff cites *Christianson v. Colt Industries Operating Corp.*,[12] which it argues construed the jurisdictional grant in 28 U.S.C. § 1338(a) narrowly and it is only triggered when "'a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'"[13] Therefore, Plaintiff argues that its defamation and unfair trade practices claims do not implicate Section 1338.

In addition, Plaintiff contends that removal was untimely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove an action within 30 days of receiving the initial pleading, because Defendants were served with the state court petition on April 30, 2013, but did not file the Notice of Removal until November 18, 2012.[14] However, Plaintiff notes that under 28 U.S.C. § 1454(b):

> The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section--
> ...
> (2) the time limitations contained in section 1446(b) may be extended at any time for cause shown.

Plaintiff highlights that this Court has never extended the time limitations nor have Defendants ever requested such an extension.[15] Moreover, Plaintiff claims that Defendants' argument that "the action was not ripe for removal until the state court refused to dismiss the action on 7 November 2012" is

---

[12] 486 U.S. 800 (1988).

[13] Rec. Doc. 7-1 at p. 6 (quoting *Christianson*, 486 U.S. at 808-09).

[14] *Id.* at p. 7-8.

[15] *Id.* at p. 8.

unpersuasive because "state court refusal to dismiss for lack of subject matter jurisdiction is not a prerequisite to removal."[16] Regardless, Plaintiff argues that even if this Court were to find "cause shown" for Defendants' delay to remove until the state court decided their motion to dismiss for lack of subject matter jurisdiction, the motion was denied at the latest by June 20, 2012, and therefore removal should have occurred by July 20, 2012.[17] Plaintiff also notes that Defendants argued this motion on appeal before the Louisiana Fifth Circuit Court of Appeal, and the court denied this motion on August 2, 2012; therefore, even if this Court were to consider this as the effective date to trigger the 30-day period, the Notice of Removal was still untimely filed on November 18, 2012.[18]

Further, Plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1447(c), claiming that Defendants "had no objectively reasonable grounds to believe the removal was legally proper for several reasons."[19] Finally, Plaintiff requests that if the Court denies the motion to remand that it certify its order as immediately appealable under 28 U.S.C. § 1292(b).[20]

**B. Defendants' Arguments in Opposition**

In opposition to the pending motion, Defendants argue that the recent change in the wording of the provisions relevant here "show that Congress was serious about federal jurisdiction, and only federal jurisdiction, for cases 'arising under' patent and copyright law."[21] Regarding timeliness,

---

[16] *Id.* at p. 9.

[17] *Id.* at p. 10 (citing Rec. Doc. 7-9 (state court order denying Defendants' motion)).

[18] *Id.*

[19] *Id.* at p. 13.

[20] *See id.* at pp. 15-17.

[21] Rec. Doc. 8 at pp. 1-3.

Defendants contend that 28 U.S.C. § 1454(b) allows an extension of the 30-day period for "cause shown" but:

> The statute does not say "good cause", or "sufficient cause", or "reasonable time" or any other limiting language. In removing this case to federal court, Andrews truthfully stated that he attempted to get the state court to dismiss the lawsuit before burdening this Federal Court with the removal of it.[22]

Defendants further argue that:

> It makes sense, that if an arising-under-patent lawsuit is not ever supposed to be heard in a state court, then the path for removal to federal court ought to be as smooth. Why else would Congress allow "any party"— including the plaintiff— to remove the lawsuit? Under §1454, if a state-court plaintiff messes up and files an arising-under-patent lawsuit in state court, or if the defendant files arising-under-patent defenses or counterclaims, or if an intervenor or third-party comes in with patent-related claims, instead of a dismissal from state court and possible prescription, even the plaintiff can remove to federal court. And §1454(b)(2) makes clear that the 30-day deadline that applies to regular removals is not a concern for §1454 removals— because the lawsuit is not supposed to be in state court.[23]

Substantively, Defendants dispute Plaintiff's contention that the allegations in this case do not "arise under" patent law, and claim that their position is supported by Supreme Court and Federal Circuit precedent.[24] With regard to Plaintiff's request for attorney's fees, Defendants argue that such an award would not be appropriate even if the Court grants the motion to remand, because "[t]here is no precedent for removal specifically under § 1454 because it is a new statute."[25] Lastly, Defendants note that orders remanding actions to state court are not appealable unless specifically

---

[22] *Id.* at p. 3.

[23] *Id.*

[24] *See id.* at pp. 4-7. As the Court's ultimate determination of whether remand is appropriate does not hinge on whether the allegations in the petition "arise under" patent law, the Court declines to address or outline all of Defendants' arguments. *See infra* Part III.A.

[25] *Id.* at p. 8.

6

allowed by statute, and that no such provision exists for 28 U.S.C. § 1454. However, Defendants

state that they would not oppose certification of a denial of this motion for immediate appeal.[26]

### III. Law and Analysis

*A. Timeliness of Removal*

Title 28, United States Code, Section 1454(b) expressly states that "removal of an action

under this section shall be made in accordance with section 1446." Title 28, United States Code,

Section 1446(b) requires that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within 30 days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.

Time limitations on removal are procedural bars, rather than jurisdiction, and therefore may

be waived; however, without such a waiver, "failure to petition for removal within thirty days may

render removal improvident."[27] Further:

> [i]n the absence of waiver of the time limit by the plaintiff, or some equitable reason why
> that limit should not be applied, however, a defendant who does not timely assert the right
> to remove loses that right.[28]

However, as both parties have acknowledged, 28 U.S.C. § 1454(b)(2) includes an exception to the

30-day time limitation imposed under 28 U.S.C. § 1446(b) and allows the time to be extended "at

any time for cause shown."

---

[26] *Id.* at p. 8.

[27] *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

[28] *Id.*

Here, Plaintiff argues that Defendant has made no such request, and in addition, even if this Court were to consider the last possible date arguable to trigger this 30-day period – the Louisiana Fifth Circuit Court of Appeal's denial of Defendants' appeal of the district court's denial of their motion to dismiss – the Notice of Removal was still filed well after the 30-day window. In response, Defendants argue that 28 U.S.C. § 1454(b) allows for extension of the time limits simply for "cause shown," and that this Court should recognize Congress's alleged intent to have all such cases in federal courts.

As both parties have recognized, 28 U.S.C. § 1454 is a relatively new statute, and as such this Court can find no appellate decisions interpreting it in this, or any other, context. In fact, the only opinion this Court can locate addressing this statue comes from another section of this Court. In *Benesmart, Inc. v. Total Financial Group, LLC*,[29] the defendants filed a notice of removal outside of the 30-day time period, but claimed that they were entitled to an extension of time to remove under 28 U.S.C. § 1454(b)(2).[30] Specifically, the defendants claimed that:

> Plaintiff's dismissal of [] six state court defendants was an unexpected and "bad-faith" attempt to avoid removal, thereby warranting an extension. In particular, Defendants note that the only defendants who were dismissed from the state court action were those defendants who had been served after September 19, 2012, and, therefore, could still have removed the case to federal court within the required thirty-day time period. Defendants assert that Plaintiff's petition indicates that all of the state court defendants would have been equally liable to Plaintiff, and that all of the state court defendants acted in concert to violate the aforementioned state laws, indicating that the only reason for Plaintiff's voluntary dismissal of the state court defendants was to avoid removal.[31]

The *Benesmart* court rejected defendants' arguments and reasoned:

---

[29]  No. 12-2645, 2012 WL 6020340 (E.D. La. Dec. 3. 2012) (Barbier, J.).

[30]  *Id.* at *2.

[31]  *Id.*

Defendants also argue that 28 U.S.C. § 1454(b)(2) provides Defendants with grounds for their untimely filing. In particular, Defendants argue that they "have shown cause" for this Court to grant them an extension of time to file by demonstrating that they would have been able to timely remove if the Plaintiff had not dismissed the later-served state court defendants. The Court finds this reason for requesting an extension unpersuasive. While Defendants' explanation certainly demonstrates to the Court *how* the Defendants *could have* timely filed, it does not demonstrate to the Court *why* these individual Defendants *did not* timely file, i.e. why they needed an extension of their own individual thirty-day filing deadlines. Essentially, Defendants' explanation does not show the Court what cause necessitated the Defendants' reliance on the later-served state court defendants in the first place. As such, the Court finds that Defendants have failed to timely file their Notice of Removal and, therefore, that the instant case should be remanded to state court.[32]

The court also rejected any argument that the defendants may have needed more time to research removal, and therefore could establish cause for their late notice of removal, because it was apparent from the complaint that issues may invoke the ambit of 28 U.S.C. § 1454.[33]

While the *Benesmart* decision in not binding, this Court finds its reasoning persuasive in the absence of any other controlling or persuasive appellate authority. Similar to the defendants in *Benesmart* who sought removal after the 30-day period, Defendants here could have sought removal at anytime, but chose not to. Additionally, the allegations Defendants argue entitle them to removal appear in the petition, and therefore Defendants can make no argument that they needed additional time to research removal.[34] Moreover, even if this Court were to accept Defendants' position that removal was not necessary until after denial of their motion to dismiss in state court, and construes that date as the Louisiana appellate court's denial of their appeal on August 2, 2013, the Notice of Removal was still untimely when filed on November 18, 2012.

---

[32] *Id.* at *5 (emphasis in original) (footnote omitted).

[33] *Id.* n. 7.

[34] *See id.*

Further, Defendants urge a strained and problematic reading of 28 U.S.C. § 1338 and 28 U.S.C. § 1454 that run counter to basic principles of statutory interpretation. In short, Defendants argue that 28 U.S.C. § 1338 evidences a strong congressional intent to have all cases that "arise under" patent law to be heard in federal courts, and therefore "the path to removal should be smooth" and the 30-day time limitation "is not a concern for § 1454 removals – because the lawsuit is not supposed to be in state court."[35] Moreover, Defendants urge that 28 U.S.C. § 1454(b)(2) only requires "cause shown" to extend the time limitations imposed under 28 U.S.C. § 1446(b), not "good cause" or "sufficient cause."[36] Defendants' argument errs in two significant manners. First, Defendants ignore that 28 U.S.C. § 1454 specifically contemplates remand and instructs that the time limitations contained in section 1446(b) apply unless they are extended "for cause shown."[37] The time limitations of Section 1446(b) are only relevant if they are enforced to prompt remand if a notice of removal is not timely filed. Defendants construction ignores these provisions in 28 U.S.C. § 1446 and seeks to make them superfluous. "[W]hen interpreting a statute, it is necessary to give meaning to all its words and to render none superfluous."[38] Therefore, Defendants argument that "§1454(b)(2) makes clear that the 30-day deadline that applies to regular removals is not a concern for §1454 removals,"[39] is without merit.

---

[35] Rec. Doc. 8 at p. 3.

[36] *Id.*

[37] 28 U.S.C. § 1454(b), (d).

[38] *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002) (citing *TRW, Inc. v. Andrews*, 534 U.S. 19 (2001)).

[39] Rec. Doc. 8 at p. 3.

Second, Defendants again try to read out portions of 28 U.S.C. § 1454 and render them superfluous. While there is no authority on what constitutes "cause shown" under 28 U.S.C. § 1454(b)(2) to extend the 30-day time period to remove, at a minimum the standard imposes some burden on the removing party to justify why its tardiness should be excused. Here, there is no such excuse. Defendant's proposed interpretation would reduce this standard to nothing, and once again render portions on the statute superfluous or meaningless.[40] As explained above, nothing ever prevented Defendants from seeking removal earlier, as they were put on notice of the potential grounds for removal as of the date they received the petition. Therefore, this Court reaches the same conclusion as the *Benesmart* Court that "Defendants' explanation does not show the Court what cause necessitated the Defendants' [removal after the 30-day period imposed by 28 U.S.C. § 1446(b)]. As such, the Court finds that Defendants have failed to timely file their Notice of Removal and, therefore, that the instant case should be remanded to state court."[41] This finding obviates the need to address whether the allegations in the petition implicate 28 U.S.C. § 1454 removal, because even if they did, this defect in removal would warrant remand.[42]

### B. Costs and Attorney's Fees Pursuant to 28 U.S.C. § 1447(c)

In addition to remand, Plaintiff has requested costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).[43] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[44] The Fifth Circuit has

---

[40] *See Rayo-Valdez*, 302 F.3d at 318.

[41] 2012 WL 6020340, at *5.

[42] *See Brown*, 792 F.2d at 481.

[43] *See* Rec. Doc. 7-1 at p. 13.

[44] 28 U.S.C. § 1447(c).

explicitly stated that even when a court determines that removal was improper, "[t]here is no automatic entitlement to an award of attorney's fees."[45] Instead, the Fifth Circuit has noted that the language of Section 1447(c), which allows for such costs when a case is remanded, "makes such an award discretionary."[46] The Fifth Circuit has further explained that:

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.[47]

The Fifth Circuit has found uncertainty in relevant legal areas as sufficient grounds to create an "objectively reasonable" belief that removal was proper.[48]

Here, the Court finds that an award of such fees is not warranted. While the Court finds Defendants' arguments concerning the propriety and timeliness of removal unavailing, the Court is aware that the removal and jurisdictional statutes at issue here are very new, and as a result, have not been interpreted by any appellate court. Therefore, the Court finds that the absence of such instructional authority provides grounds for an "objectively reasonable" belief that the removal was proper,[49] and will therefore not award such fees to Plaintiff in this matter.

### C. Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

Both parties raised the possibility on a interlocutory appeal under 28 U.S.C. § 1292(b),which

---

[45] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

[46] *Id.*

[47] *Id.* at 293.

[48] *Id.* at 293-94.

[49] *Id.*

states, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

However, as acknowledged by Defendants, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except under certain circumstances that are not applicable here.[50]   As this Court is remanding this action, it will not certify this issue for appeal.

### IV. Conclusion

For the reasons stated above, the Court will remand this action to state court. However, the Court will not assess Defendants with Plaintiff's costs associated with the removal, because the lack of authority on the relevant statutes at issue in this matter creates an "objectively reasonable" belief that removal could have been proper. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[51] is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana;

**IT IS FURTHER ORDERED** that each party is to bear their own costs associated with the

---

[50] 28 U.S.C. § 1447(d). This provision does not apply when cases are removed from state court pursuant to 28 U.S.C. § 1442, federal officer removal, or 28 U.S.C. § 1443, which allows the removal of certain civil rights cases Defendants concede that there is no exception to this rule when removal is premised under 28 U.S.C. § 1454. *See* Rec. Doc. 8 at p. 8.

[51] Rec. Doc. 7.

removal of this action and therefore Plaintiff's request for certain costs and attorney's fees pursuant

to 28 U.S.C. § 1447(c) is **DENIED**.

   **NEW ORLEANS, LOUISIANA**, this 11th  day of July, 2013.

                                         **NANNETTE JOLIVETTE BROWN**
                                         **UNITED STATES DISTRICT JUDGE**

14